**James Byron GREEN, Appellee,**

v.

**Margaret BARON, Joan Wright, Sherri Shea, Dr. R.T. Lara, and Gary Kirchhof, Appellants.**

**No. 90–1328SI.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1990.

Decided Feb. 6, 1991.

John M. Parmeter, Des Moines, Iowa, for appellants.

S.P. DeVolder, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,* District Judge.

FAGG, Circuit Judge.

James Byron Green brought this civil rights action against several medical officials and staff members (employees) of the Iowa Security and Medical Facility at Oakdale, Iowa (Oakdale). After Green's case was tried to a jury, appealed, *Green v. Baron*, 879 F.2d 305 (8th Cir.1989), and

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

remanded to the district court for a new trial, the employees moved for summary judgment, asserting their entitlement to qualified immunity. The district court denied the motion. The employees appeal, and we affirm.

While Green was a pretrial detainee in 1980, an Iowa state trial court placed him at Oakdale for psychological treatment to stabilize his behavior so he could later attend his criminal trial and assist in his defense. During his stay at Oakdale, the employees put Green in an intensive behavior modification program that utilized deprivations and rewards to achieve the state court's objective. Green contends this program amounted to unlawful punishment in violation of his rights as a pretrial detainee. The employees claim the district court committed error in denying them qualified immunity.

To determine if the employees are entitled to qualified immunity, we must first decide whether Green has invoked a constitutional right that was clearly established when the conduct in question occurred. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982); *Johnson–El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir.1989). In 1979 the Supreme Court held that pretrial detainees cannot be punished, and that a deprivation imposed on a pretrial detainee may amount to punishment if it is not reasonably related to a legitimate governmental objective or is excessively harsh in light of the objective to be served. *See Bell v. Wolfish*, 441 U.S. 520, 535, 537–39, 99 S.Ct. 1861, 1873–74, 60 L.Ed.2d 447 (1979). Thus, when Green entered Oakdale, it was clearly established he could not be punished.

We must next decide, in light of this clearly established law, whether the employees reasonably could have believed Green's behavior modification program was consistent with his right to be free from punishment. *See Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987). If the summary judgment record shows the employees' actions reasonably could have been deemed compatible with Green's right, the employ-

ees are protected by qualified immunity. *Id.*

For the purposes of this case, it is undisputed that Green's placement at Oakdale "for behavioral modification treatment so he could personally participate in his criminal trial represent[ed] a legitimate governmental objective." *Green*, 879 F.2d at 309. Thus, the question of the employees' entitlement to qualified immunity turns on whether the employees reasonably could have believed the deprivations used in Green's program represented legitimate psychological treatment. *See id.* at 309–10; *Bell*, 441 U.S. at 539 n. 20, 99 S.Ct. at 1874 n. 20. The record clearly shows a factual dispute on this issue. *See Morris v. Clifford*, 903 F.2d 574, 579 (8th Cir.1990).

The employees contend they are entitled to summary judgment because their evidence shows all facets of Green's behavior modification program reasonably related to the program's objective and were not excessive in relation to that objective. *See Bell*, 441 U.S. at 538–39, 99 S.Ct. at 1873–74. Green submitted evidence in direct contradiction, including expert medical testimony, supporting his contention that the deprivations were purposeless, excessive, and punitive in nature. Because Green has raised "a dispute over facts that might affect the outcome of [Green's lawsuit] under the law of qualified immunity, there can be no summary judgment." *Creighton v. Anderson*, 922 F.2d 443, 447 (8th Cir. 1990), *appeal after remand from* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Qualified immunity is no longer in this case. *Buffkins v. City of Omaha*, 922 F.2d 465, 472 n. 16 (8th Cir.1990). We now return Green's case to the district court for retrial on the merits.